IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


RAYMOND M. KRUSHIN,       :
                             :
          Plaintiff           :
                             :
          v.                :      CIVIL NO. 3:CV-14-2274
                             :
DOCTOR GUNNER KOSEK,    :      (Judge  Brann)
ET AL.,                       :
                             :
          Defendants     :

---

## **MEMORANDUM**

February 22, 2016

## **Background**

      Raymond M. Krushin initiated this <u>pro</u> <u>se</u> civil rights action pursuant to 42 U.S.C. § 1983 regarding his prior confinement at the Luzerne County Correctional Facility (LCCF), Wilkes-Barre, Pennsylvania.[1]  An Amended Complaint was previously filed.  <u>See</u> Doc. 24.  Named as Defendants therein are the following LCCF staff members:  Doctor Gunner Kosek; Treatment Coordinator

---

[1]      According to the docket, Plaintiff was transferred from LCCF in early January, 2015.  He returned to LCCF in February 2015.  See Doc. 25.
     In January 2016, he was sent to Choices, a facility in Kingston, Pennsylvania.  <u>See</u> Doc. 104.  The Plaintiff is presently residing at a treatment facility, Cedar Residence,  in Scranton, Pennsylvania.  <u>See</u> Doc. 107.

Grace Franks; Deputy Warden James Larson; Psychology Manager Doctor Ron

Colbert; Head Nurse Sharon Francoure Webby; Prison Director J. Allen Nesbitt;

Luzerne County Council member Ed Brominski; and Captain Kevin Gallagher.[2]

Krushin states that he suffers from anxiety, depression, hypertension, and

anger management issues and that those conditions are documented in his personal

medical records.  He claims that prior to entering prison he was admitted to a

psychiatric facility and was prescribed "psych. medications."  Doc. 24, ¶ 6

Plaintiff also contends that he has problems with his left foot, left shoulder; and left

arm which have resulted in poor mobility and balance.[3]

According to the Amended Complaint, the Court of Common Pleas of

Luzerne County entered a directive to the LCCF staff to schedule Krushin "for his

therapies" and "to prescribe him his medications and proper dosages." Id., ¶ 5.

Treatment Coordinator Franks was allegedly advised of this directive by Plaintiff's

prior legal counsel but failed to provide Plaintiff with his needed medical care.

---

[2]   Luzerne County Manager Robert Lawton (Laughton) and LCCF employee Sherri Saucheck are named as Defendants in the Original Complaint. However, since there is no mention whatsoever of either Lawton or Saucheck in the Amended Complaint, the claims against those two individuals will be deemed withdrawn.

[3]   Medical records (Doc. 18-1, 18-2) submitted by Plaintiff show that he also previously suffered partial amputation of three toes; Hepatitis C; degenerative disc; chronic alcoholism;  anxiety; bipolar disease; depression; and a history of seizures.

With respect to Psychology Manager Doctor Colbert, the Amended Complaint speculates that said Defendant failed to review his medical records and acted improperly by determining that Krushin did not need to be prescribed medications for any psychiatric condition because of his history of alcoholism. See id. at ¶ 6.  As a result of Doctor Colbert's alleged non-action and reckless decision making, Plaintiff states that his blood pressure rose and he suffered depression, anxiety, weight loss, as well as other problems.  Id.

Next, the Amended Complaint asserts that Deputy Larson and Nesbitt ignored his complaints and failed to take any steps to ensure that Krushin was receiving his medical care as directed by the state court.  It is also alleged that Doctor Kosek, Head Nurse Francoure Webby, and Treatment Coordinator Franks failed to provide Plaintiff with therapy, weekly evaluations, and prescribed medications and also mislead Larson regarding Plaintiff's treatment.

It is alleged that Doctor Kosek failed to read Plaintiff's medical records; prescribed him the wrong orthopedic shoes; cancelled previously prescribed medications; and prescribed new medications which could cause kidney failure. Plaintiff vaguely adds that Kosek's lack of treatment was a retaliatory measure for the Plaintiff's prior initiation of a lawsuit against said Defendant.  Finally, it is generally asserted that Defendants Brominski, Nesbitt, and Gallagher were also

aware of the Plaintiff's medical problems and failed to take any action.  The Amended Complaint seeks injunctive relief.

Defendants, with the exception of Doctors Kosek and Colbert, have filed a motion to dismiss the Amended Complaint for failure to state a claim.  See  Doc. 53.  The opposed motion is ripe for consideration.

**Discussion**

Moving Defendants contend that the Amended Complaint fails to establish that any of the Defendants engaged in conduct which could support a claim of deliberate indifference to a serious medical need.  See Doc. 54, p. 6..  They add that since there are no allegations which could support a claim of deliberate indifference, entry of dismissal is appropriate.  They add that the claims against several Defendants are improperly premised on a theory of respondeat superior.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under  Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action.  Id. at 556.  A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.  Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.  The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of

action).  Additionally, pro se pleadings are to be construed liberally, Haines v.

Kerner, 404 U.S. 519, 520 (1972).

**Respondeat Superior**

A plaintiff, in order to state an actionable civil rights claim, must plead

two essential elements:  (1) that the conduct complained of was committed by a

person acting under color of law, and (2) that said conduct deprived the plaintiff of

a right, privilege, or immunity secured by the Constitution or laws of the United

States.  See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995);

Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be

premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d

1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the

complaint's allegations, to have been personally involved in the events or

occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976);

Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As

explained in Rode:

> A defendant in a civil rights action must have personal
> involvement in the alleged wrongs. . . .  [P]ersonal
> involvement can be shown through allegations of
> personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual
> knowledge and acquiescence, however, must be made
> with appropriate particularity.

Rode, 845 F.2d at 1207.

Deputy Warden Larson,  Prison Director J. Allen Nesbitt, Luzerne County Council member Ed Brominski; and Captain Kevin Gallagher are all clearly non-medical personnel who were held supervisory positions in Luzerne County.  There are no allegations that any of these Defendants had direct involvement in Plaintiff's medical care.

Furthermore, prisoners have no constitutionally protected right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, 283 Fed. Appx. 880, 881 (3d. Cir.  2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).   Pursuant to those decisions, any attempt by Plaintiff to establish liability against Deputy Warden Larson,  Prison Director J. Allen Nesbitt, Luzerne County Council member Ed Brominski; and Captain Kevin Gallagher based upon their handling of his administrative grievances or complaints

does not support a constitutional claim.  <u>See also</u> <u>Alexander v. Gennarini</u>, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); <u>Pryor-El v. Kelly</u>, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

In conclusion, since the allegations against non-medical Defendants Larson, Nesbitt,  Brominski, and Gallagher are solely based upon either their respective supervisory positions in Luzerne County or their failure to respond to Plaintiff's grievances and complaints, their request for dismissal on the basis of lack of personal involvement will be granted.

**Deliberate Indfference**

According to the Moving Defendants, the Amended Complaint at best "demonstrates a mere difference of opinion between Plaintiff and Defendants - members of the LCCF's psychology and medical staff- regarding Plaintiff's diagnosis and treatment." Doc. 54, p. 7.  They note that the Amended Complaint acknowledges that Plaintiff was provided with treatment by Doctor Kosek, who prescribed medication for the inmate.  In addition, Plaintiff while incarcerated at LCCF was also under the care of Doctor Colbert for his mental health issues.  The Moving Defendants conclude that since Plaintiff's claims solely take issue with the quality of the care provided by the medical staff, primarily a difference of opinion

as to what medications should be prescribed, a viable claim of deliberate indifference has not bee alleged.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).   In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, Civ. No. 07-1739, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991)); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347.  "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the

medical need is of the serious nature contemplated by the Eighth Amendment."
Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth
Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, the Amended
Complaint seeks relief with respect to Plaintiff's alleged multiple physical and
mental health problems.  There is no argument by the Moving Defendants that the
serious medical need has not been met.   Based upon the Plaintiff's description of
his multiple medical problems and the supporting medical records which he has
provided, this Court is satisfied at this juncture in the proceedings that the serious
medical need requirement has been adequately met.

With respect to the subjective deliberate indifference component of
Estelle, the proper analysis for deliberate indifference is whether a prison official
"acted or failed to act despite his knowledge of a substantial risk of serious harm."
Farmer v. Brennan, 511 U.S. 825, 841 (1994).  A complaint that a physician "has
been negligent in diagnosing or treating a medical condition does not state a valid
claim of medical mistreatment under the Eighth Amendment [as] medical
malpractice does not become a constitutional violation merely because the victim is
a prisoner."  Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one
cannot always conclude that, if such treatment was inadequate, it was no more than
mere negligence.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is

true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id.  However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented.  See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

At first glance, the Amended Complaint seems to contend that Krushin was denied needed prescribed medication.  However, later in the Amended Complaint Plaintiff acknowledges that he was not denied medication, rather his medications were changed or found to be no longer needed by Doctors Kosek and Colbert.  See Doc. 24, p. 5.  Moreover, while Plaintiff initially gives the impression that he was denied orthopedic shoes, the Amended Complaint clarifies that he was allegedly prescribed the wrong type of orthopedic shoes.  As such, this is not a case where Plaintiff is alleging that he was denied any medical treatment or that medication or care was denied or delayed.

In opposition to the motion to dismiss,Plaintiff has responded with a barrage of filings including letters and exhibits which show that he received treatment from at least four physicians as well as other medical professionals during the course of his LCCF confinement.[4]   Plaintiff has also provided the Court with

---

[4]    Some of those submissions indicates that Doctors Diaz and Burro, both non-defendants,  were similarly responsible for a reduction of his nerve and pain medications while he was confined at the LCCF.  See Docs. 67, 77 ,109.

documents showing that he underwent a physical therapy evaluation at Allied

Services while incarcerated at LCCF.   See Doc. 67, p. 16.

In Davidson v. Cannon, 474 U.S. 344, 347-48 (1986), the United States

Supreme Court noted that although a lack of due care had resulted in serious injury

to an inmate plaintiff, "that lack of care simply does not approach the sort of

abusive government conduct" which would warrant recovery under § 1983.  Id. at

347-348.  Simply put, allegations of negligence "do not trigger constitutional

protections."  Whooten v. Bussanich, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12,

2007)(citation omitted).[5]

As noted above, this is clearly not a situation where Plaintiff is alleging

that he was not provided with required medical attention.  Rather, as correctly

argued by the Moving Defendants. Krushin's allegations represent his disagreement

with the quality of the medical care provided to him not only by the medical

Defendants but also by a variety of medical providers while incarcerated at LCCF.

Such claims of negligent medical care are simply not actionable in a civil rights

action pursuant to the standards announced in Davidson and Whooten.

Accordingly, Defendants Francoure Webby and Franks' request for dismissal on the

grounds of failure to state a viable claim of deliberate indifference will be granted.

---

[5]  There is no discernible request by Plaintiff that this Court exercise
supplemental jurisdiction over a state law negligence claim.  See  28 U.S.C. § 1367

Pursuant to the above discussion, it is equally clear that Remaining Defendants Doctors Colbert and Kosek are entitled to entry of <u>sua</u> <u>sponte</u> dismissal without prejudice since the Amended Complaint fails to set forth a viable claim of deliberate indifference.[6]  <u>See</u>  <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[6]   The Amended Complaint includes a passing assertion that Kosek's actions were retaliatory because Plaintiff previously filed a lawsuit against the doctor in 2006.

To establish a retaliation claim, a plaintiff bears the burden of satisfying three (3) elements.  First, a plaintiff must prove that he was engaged in a constitutionally protected activity.  <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001).  Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials."  <u>Id</u>.  Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him."  <u>Id.</u> at 333-34.

Since Plaintiff contends that Doctor Kosek acted in the same manner as Doctors Colbert, Diaz and Burro, his brief, conclusory assertion of retaliation does not set forth a viable retaliation claim under  <u>Rauser</u>.